UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT R. POE, *et al.*,

      Plaintiffs,                          Case No. 21-cv-10678
                                                Hon. Matthew F. Leitman

v.

RONALD RITTS, *et al.*,

      Defendants.

_____/

## ORDER (1) VACATING ORDER TO SHOW CAUSE (ECF No. 3); (2) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND (3) SUMMARILY DISMISSING AMENDED COMPLAINT (ECF No. 5)

In this action, Plaintiffs Robert R. Poe and Charmaine Thompson allege that Defendants Ronald Ritts, Nick Ritts, and Michelle Long are wrongfully seeking to evict them from their home. (*See* Am. Compl., ECF No. 5.)  Plaintiffs have also filed an application to proceed *in forma pauperis* in this action (the "Application"). (*See* Application, ECF No. 2.)  For the reasons stated below, the Court **GRANTS** the Application and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

**I**

On March 30, 2021, Poe and Thompson filed this action against the Defendants. (*See* Compl., ECF No. 1.)  Plaintiffs' Complaint, in its entirety, provided as follows:

1

> This complaint is for the property that we purchased rent to own by Jessie Ritts.
>
> The property was paid in full after 12 years of residency with full payment being satisfied,
>
> To this date we are being harassed by the defendants to vacate the property that we have been paying to buy since 2008 and are totally finished purchasing as of November 2020. The relief sought is total ownership of the property located at 6142 Guilford, and Protective Orders against all defendants to this claim.

(Compl., ECF No. 1, PageID.1.)  Plaintiffs also filed the Application due to their indigence. (*See* Application, ECF No. 2.)

The Court reviewed the Complaint and believed that Plaintiffs had failed to plead the existence of this Court's subject-matter jurisdiction.  As the Court explained to Plaintiffs, the Court has subject-matter jurisdiction over only (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). (*See* Show Cause Order, ECF No. 3, PageID.5.)  Because the Court believed that Plaintiffs had failed to plead the existence of either diversity or federal question jurisdiction, it entered an order to show cause that directed Plaintiffs to either file an Amended Complaint that included allegations that established the Court's jurisdiction or show cause in writing why the Court should not dismiss their Complaint. (*See id.*)

2

On June 2, 2021, Plaintiffs filed an Amended Complaint. (*See* Am. Compl., ECF No. 5.)  In the Amended Complaint, Plaintiffs again allege that Defendants have wrongfully sought to evict them from their home. (*See id.*)  And Plaintiffs assert that their claims arise under a federal statute – 42 U.S.C. § 1982. (*See id.*, PageID.8.)

## II

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

In the Application, Plaintiffs report a complete lack of income or assets of any value. (*See* Application, ECF No. 2.)  The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Plaintiffs. The Court therefore **GRANTS** the Application and permits Plaintiffs to proceed *in forma pauperis*.

## III

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such

relief. *See* 28 U.S.C. § 1915(e)(2). *See also McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  While the Court must liberally construe documents filed by *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint nonetheless "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, as explained above, Plaintiffs assert that their claims against the Defendants arise under 42 U.S.C. § 1982.  That statute provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  As the Supreme Court has explained, Section 1982 "is not a comprehensive open housing law." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413 (1968).  Instead, it "deals only with racial discrimination" in housing by "bar[ing] all racial discrimination, private as well as public, in the sale or rental of property." *Id.*  But Plaintiffs have not alleged that Defendants have discriminated against them or taken any action against them on the basis of their race.  Thus, Plaintiffs have failed to state a claim upon which relief may be granted under Section 1982. *See, e.g., Toteff v. Village of Oxford*, 562 F.Supp. 989, 999 (E.D. Mich. 1983) (dismissing claim brought under Section 1982 where plaintiffs had "failed to allege a deprivation … on the basis of their race"); *Johnson v. City of Ecorse*, 137 F.Supp.2d 886, 890 (E.D. Mich. 2001) (explaining that in order to state a Section

1982 claim, a plaintiff must, among other things, plead that a defendant "intended to discriminate on the basis of race"). The Court will therefore **DISMISS** Plaintiffs' Amended Complaint without prejudice.

## IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** that (1) the Court's show cause order (ECF No. 3) is **VACATED;** (2) Plaintiffs' Application to proceed *in forma pauperis* is **GRANTED**, and (3) Plaintiffs' Amended Complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies that any appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764